UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher Allan Rainey, | ) | C/A No. 9:10-3063-JFA-BM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Mr. Hodge, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Christopher Allan Rainey, brings this action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that this matter should be dismissed for lack of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

After the defendant filed a motion for summary judgment, the Magistrate Judge issued a *Roseboro* order on June 6, 2011, advising the plaintiff of the importance of responding to such a motion. *Roseboro v. Garrison*, 528 D.2d 309 (4th Cir. 1975). The plaintiff did not respond. The Magistrate Judge then issued an order on July 14, 2011, directing the plaintiff

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

to advise the court if he wished to continue with this case. The plaintiff did not respond to the order.

The plaintiff was also advised of his right to file objections to the Report and Recommendation, which was entered on the docket on July 28, 2011. The plaintiff did not file objections to the Report. Rather, he filed a letter on August 5, 2011, indicating that he failed to respond because he was being "denied legal material such as envelopes and paper by the mailroom personell [sic] here at this prison." The plaintiff also contends that his mail has been confiscated by officers because he has been "expos[ing] the corrupt prison guards where I'm staying." In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The defendant replied to the plaintiff's letter with an affidavit of Pamela Garnsey, the Postal Center Director at RCI. She attests that, contrary to the plaintiff's suggestion in his letter, the plaintiff *has* received various writing supplies; that the plaintiff has attempted to improperly send mail to his family in violation of SCDC policy; and that plaintiff's accusations of mail confiscation are false (pointing out that the plaintiff received a copy of the Report, and he filed a letter in response).

Because the plaintiff has had ample time and resources to reply to the court's orders and has failed to do so, the court finds that the plaintiff meets all of the criteria for dismissal under *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982). That is, the plaintiff is personally responsible for proceeding in a dilatory fashion, the defendant is being

prejudiced having to expend time and resources on a case in which the plaintiff is unresponsive, and the plaintiff has failed to respond to the court's orders.

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law.  The Report is incorporated herein by reference.

Accordingly, this action is dismissed with prejudice for failure to prosecute.

IT IS SO ORDERED.

August 24, 2011                                      Joseph F. Anderson, Jr.
Columbia, South Carolina                             United States District Judge